UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN TAMRAT,<br><br>                    Plaintiff,<br><br>          v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>                    Defendants. | No. 2: 22-cv-1873 KJN P<br><br>ORDER |

       Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are the California Department of Corrections and Rehabilitation ("CDCR"), California Medical Facility ("CMF") Administration, the CMF Warden and the CMF Acting Warden.  Plaintiff's complaint contains three claims for relief.

In claim one, plaintiff alleges violation of his right to equal protection and access to the court.  Plaintiff alleges that prison officials at CMF failed to allow plaintiff to attend two zoom conference calls in his state tort lawsuit, i.e., Herman Tamrat vs. Universal Protection Service.  Plaintiff alleges that his state tort lawsuit was dismissed based on plaintiff's failure to attend the zoom conference calls.

In claim two, plaintiff alleges violations of his right to equal protection and access to the court.  Plaintiff alleges that from June 2, 2021, to January 29, 2022, all inmates classified as Intermediate Care Facility ("ICF"), like plaintiff, were denied physical law library access.  Plaintiff alleges that from June 2, 2021, to January 29, 2022, inmates classified as Enhanced Outpatient Program ("EOP") were allowed law library access.  Plaintiff alleges that inmates in the ICF and EOP programs are in mental health programs.  Plaintiff alleges that defendant CMF Administration did not want these inmates integrating.  Plaintiff alleges that his state tort lawsuit was dismissed based on his inability to physically access the law library.

In claim three, plaintiff alleges violation of his right to equal protection.  Plaintiff alleges that CMF mailroom staff denied plaintiff's request for a copy of his CDCR-119 Legal Mail Log from August 2021 to January 2022.  Plaintiff alleges that under Title 15 and the CDCR Department Operations Manual ("DOM"), inmates are entitled to receive copies of their mail logs upon request.  Plaintiff alleges that his failure to receive a mail log caused him emotional distress because he did not know if prison staff were mailing his legal mail.  Plaintiff discovered that on one occasion, a piece of mail plaintiff mailed to the United States District Court was not received.

Plaintiff seeks declaratory and monetary relief.

Defendant CDCR is immune from suit under the Eleventh Amendment. See e.g., Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); Fulcher v. Cal. Dep't of Corrs., 297 Fed. App'x 645, 646 (9th Cir. 2008) ( "[T]he California Department of Corrections ... is a state agency that is immune from liability under the Eleventh Amendment."). Accordingly, plaintiff's claims against defendant CDCR are dismissed.

CMF Administration is not a proper defendant as there is no state agency designated as CMF Administration of which the undersigned is aware. To the extent plaintiff is attempting to name CMF as a defendant, California prisons are entitled to Eleventh Amendment immunity. Lopez v. Wasco State Prison, 2008 WL 5381696, at *4 (E.D. Cal. Dec. 22, 2008) (citations omitted). Accordingly, plaintiff's claims against defendant CMF Administration and CMF are dismissed.

Plaintiff's complaint contains no specific allegations against defendants CMF Warden and CMF Acting Warden. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588

1  F.2d 740, 743 (9th Cir. 1978).

2        Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

      Defendants CMF Warden and CMF Acting Warden are dismissed because they are not linked to the alleged deprivations.

      For the reasons stated herein, the undersigned finds that claim one does not state a potentially colorable claim for violation of the right to access the court.  A constitutional right of access to the court does exist, but to establish a claim for any violation of the right of access to the courts, the prisoner must show that there was an inadequacy in the prison's legal access program that caused him an actual injury.  See Lewis v. Casey, 518 U.S. 343, 350-51 (1996).  To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement.  See id. at 355.

      In claim one, plaintiff alleges that prison officials failed to allow plaintiff to attend zoom conference calls in his state tort lawsuit, i.e., Herman Tamrat vs. Universal Protection Service.  It does not appear that plaintiff's state tort lawsuit concerned his conviction or conditions of confinement.  For this reason, claim one does not state a potentially colorable access to the court claim and is dismissed.

      For the reasons stated herein, the undersigned also finds that claim one does not state a potentially colorable equal protection claim.  To state an equal protection claim, plaintiff must set forth facts which plausibly allege defendants intentionally discriminated against him based on his

membership in a protected class. <u>Hartmann v. California Dep't of Corr. & Rehab.</u>, 707 F.3d 1114, 1123 (9th Cir. 2013); <u>Maynard v. City of San Jose</u>, 37 F.3d 1396, 1404 (9th Cir. 1994) ("Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status.") (emphasis in original). In claim one, plaintiff does not allege discrimination based on his membership in a protected class. Accordingly, the equal protection claim alleged in claim one is dismissed.

For the reasons stated herein, the undersigned finds that claim two does not state a potentially colorable claim for denial of access to the court. In claim two, plaintiff alleges that as a result of inadequate law library access, his state tort lawsuit was dismissed. As discussed above, plaintiff's right to access the court, which includes law library access, applies to access inmates need to challenge their convictions or conditions of confinement. <u>Lewis v. Casey</u>, 518 U.S. at 355. Plaintiff's inability to access the law library in order to litigate his state tort lawsuit, which did not concern his conviction or conditions of confinement, does not state a potentially colorable access to the court claim. Accordingly, this claim is dismissed.

For the reasons stated herein, the undersigned finds that claim two does not state a potentially colorable Equal Protection claim. In claim two, plaintiff alleges that from June 2, 2021, to January 29, 2022, inmates classified as ICF (like plaintiff) were denied physical law library access, whereas EOP inmates were allowed law library access. Plaintiff alleges that inmates classified as ICF and EOP are in mental health programs.

"[D]ifferent treatment of unlike groups does not support an equal protection claim." <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158, 1168 (9th Cir. 2005). While plaintiff alleges that inmates classified as ICF and EOP are in mental health programs, the fact that inmates in these groups have different classifications suggests that there are differences between these two groups. The fact that inmates in both groups are in mental health programs does not demonstrate an equal protection violation based on different law library access. Accordingly, plaintiff's equal protection claim alleged in claim two is dismissed.

Finally, the undersigned finds that claim three does not state a potentially colorable claim for relief. As stated above, plaintiff alleges that the denial of his request for a copy of his legal

6

mail log violated his right to equal protection.  These allegations do not state a potentially colorable equal protection claim because plaintiff does not allege discrimination based on his membership in a protected class.  Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994) ("Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status.").  Accordingly, claim three is dismissed.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: November 1, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Tam1873.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN TAMRAT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | No. 2: 22-cv-1873 KJN P<br><br>NOTICE OF AMENDMENT |

　　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　　_____　　　　　Amended Complaint
DATED:

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Plaintiff