UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN TAMRAT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | No.  2: 22-cv-1873 TLN KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  For the reasons stated herein, the undersigned recommends that this action be dismissed.

On November 2, 2022, the undersigned dismissed the original complaint with leave to amend.  (ECF No. 6.)  Pending before the court is plaintiff's amended complaint.  (ECF No. 13.)

Named as defendants are California Medical Facility ("CMF") Correctional Officer E. Ramirez, CMF Warden and CMF Acting-Assistant Warden.  (Id. at 2.)  Plaintiff identifies defendants CMF Warden and CMF Acting-Assistant Warden as doe defendants.  (Id.)

The amended complaint raises three claims for relief.

////

////

1

Claim One

In claim one, plaintiff alleges that on July 21, 2021, plaintiff submitted an Inmate Request for Interview form to the Transportation Department. (Id. at 3.) In this form, plaintiff informed the Transportation Department of his future court date, the address of the court and all avenues of "executing" the court date, as ordered by the court. (Id.) On July 26, 2021, defendant Ramirez, from the Out to Court ("OTC") Department responded to the form by informing plaintiff that when an inmate has a scheduled court date, "we need documents from the court stating so." (Id.) Plaintiff reached out to the Sonoma County Superior Court. (Id.) The Sonoma County Superior Court advised plaintiff that they did not have anything indicating that plaintiff had a court date on September 28, 2021. (Id.)

Plaintiff alleges that on or about three days after July 26, 2021, he mailed to the OTC Department a copy of an official court document stating his court date. (Id.) The OTC Department did not respond to this document. (Id.) Plaintiff alleges that on July 23, 2021, plaintiff showed his official court documents to his psychologist, Ms. Thompson. (Id.) Ms. Thompson contacted the OTC Department and the Legal Coordinator-Litigation Department. (Id. at 3-4.) Plaintiff alleges that someone informed him that, "Out to Court department will arrange video court…Please contact me 1 ½ weeks before court date to set up." (Id. at 4.)

Plaintiff contends that he contacted the OTC Department as instructed and was informed that there was no court date showing. (Id.) Plaintiff contends that his September 28, 2021 court date was for a case management conference in an action filed by plaintiff challenging conditions of confinement and the validity of his continued confinement. (Id.) Plaintiff describes his action as a "state tort lawsuit." (Id.) Plaintiff alleges that the Sonoma County Superior Court dismissed his action because plaintiff failed to appear at the case management conference. (Id.) Plaintiff identifies the case number of his state court action as SCV-267640. (Id.)

Plaintiff alleges that defendant Ramirez and other doe defendants violated his right to due process by failing to produce him at his September 28, 2021 case management conference. (Id. at 3.) The undersigned finds that the allegations in claim one do not state a due process claim. Rather, the undersigned construes claim one to raise a claim for violation of the right to access the

courts.

Prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to the filing of non-frivolous direct criminal appeals, habeas petitions, and civil rights actions. Id. at 353 n.3, 354-55. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, (2002).

Plaintiff must allege "actual injury" as the threshold requirement to any access to courts claim. Lewis, 518 U.S. at 351-53. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348; see also Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge").

The undersigned reviewed the electronic docket from the case identified by plaintiff in the amended complaint, Sonoma County Superior Court case no. SCV-267640.[1] The docket from this case describes it as a civil action and describes the case type as "23: Unlimited Other PI/PD/WD." The docket indicates that plaintiff filed a complaint against defendants Universal Protection Service, Ethan Hill and Cody Covaia on December 31, 2020. A case management conference was scheduled for June 1, 2021. Plaintiff apparently failed to appear at the June 1, 2021 case management conference, and the court issued an order to show to plaintiff why the case should not be dismissed. Plaintiff failed to respond to the order to show cause. On September 28, 2021, the court dismissed case no. SCV-267640 apparently based on plaintiff's failure to prosecute. The docket also reflects that on September 28, 2021, a party (presumably plaintiff) filed an emergency motion to stay. It is unclear if the Superior Court addressed this motion in the order dismissing the action.

The undersigned finds that claim one does not state a potentially colorable claim for violation of the right to access the courts because plaintiff's allegation that defendants interfered

---

[1] The undersigned takes judicial notice of the state court docket. Fed. R. Evid. 201(c); Lee v. Ciy of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

with his state tort proceeding is not protected by the First Amendment.  See Lewis, 518 U.S. at 353 n. 3, 354-55 (claim of interference of right to access the courts is limited to nonfrivolous direct criminal appeals, habeas corpus proceedings and section 1983 actions).

The undersigned also observes that plaintiff's state tort action was dismissed after plaintiff failed to respond to the June 1, 2021 order to show cause.  While prison officials may have failed to provide for plaintiff's appearance at the June 1, 2021 case management conference, the Superior Court granted plaintiff an opportunity to explain his failure to appear.  After plaintiff failed to respond to the order to show cause, the Superior Court dismissed his case.  Therefore, the alleged failure of prison officials to provide for plaintiff's appearance at the June 1, 2021 case management conference was not the "but for" cause of the dismissal of plaintiff's action.

Accordingly, for the reasons discussed above, the undersigned finds that claim one does not state a potentially colorable claim for relief.

Claim Two

In claim two, plaintiff alleges that on December 20, 2021, he appealed the dismissal of case SCV-267640 by the Sonoma County Superior Court to the California Court of Appeal. (ECF No. 13 at 6.)  Plaintiff alleges that the California Court of Appeal dismissed the appeal because plaintiff failed to timely designate the record on appeal and failed to file a civil case information statement.  (Id.)  Plaintiff alleges that he did not satisfy these "technical requirements" because he was denied law library access at the time of his appeal.  (Id. at 6-7.) Plaintiff alleges that without law library access, he was unable to access legal materials that would have informed him of the requirements for an appeal.  (Id.)  Plaintiff also appears to claim that he could not obtain information regarding the appeal requirements through the paging system, to which he had access.  (Id.)  Plaintiff alleges that he was denied law library access pursuant to a policy of defendants Warden and Acting Warden.  (Id. at 6.)

As stated above, the right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and section 1983 actions.  Lewis, 518 at 353 n.3, 354-55.  As discussed above, case no. SCV-267640 was not a direct criminal appeal, habeas corpus proceeding or a section 1983 action.  Therefore, plaintiff's claim that inadequate law library

4

access caused the dismissal of his appeal does not state a potentially colorable claim for violation of the right to access the courts.

Claim Three

In claim three, plaintiff alleges violation of his right to equal protection. (ECF No. 13 at 8.) Plaintiff alleges that from June 2, 2021, to January 29, 2022, all prisoners classified as ICF, i.e., Intermediate Care Facility, were denied physical access to the law library. (Id.) Plaintiff alleges that he was denied physical access to the law library during this time period because he was classified as ICF. (Id.) Plaintiff alleges that during this time period, inmates classified as EOP, i.e., Enhanced Outpatient, were allowed physical law library access. (Id.) Plaintiff alleges that inmates classified as ICF and EOP are under the mental health system and housed in the same facility. (Id.) Plaintiff alleges that the denial of physical law library access to inmates classified as ICF violated his right to equal protection. (Id.)

"Evidence of different treatment of unlike groups does not support an equal protection claim." Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005). While plaintiff alleges that inmates classified as ICF and EOP are both under the mental health system, the fact that inmates in these groups have different classifications indicates that there are differences between these two groups. The fact that inmates in both groups are in mental health programs does not demonstrate an equal protection violation based on different law library access. Accordingly, the undersigned finds that plaintiff does not state a potentially colorable Equal Protection claim.

Conclusion

Leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, a pro se litigant's complaint may be dismissed without leave to amend when it is absolutely clear that no amendment can cure the defect. Lucas v. Dep't. of Corrs., 66 F.3d 245, 248 (9th Cir. 1995). As indicated above, the undersigned dismissed plaintiff's original complaint with leave to amend. Because it is clear that no amendment can cure the pleading defects contained in the amended complaint, the undersigned recommends dismissal of this action.

////

1       Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

2       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 13, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Tam1873.56